IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 16-34028 |
| | § | |
| NORTHSTAR OFFSHORE GROUP LLC, | § | |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| JAMES KATCHADURIAN, Litigation Trustee, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. 18-03079 |
| | § | |
| NGP ENERGY CAPITAL MANAGEMENT, L.L.C.; NGP X US HOLDINGS, L.P.; NGP NATURAL RESOURCES X, L.P.; NGP X PARALLEL HOLDINGS, L.P.; NGP NATURAL RESOURCES X PARALLEL FUND, L.P.; NOG ROYALTY HOLDINGS, L.P.; CHRISTOPHER RAY; JESSE BOMER; TOMAS ACKERMAN; DAVID ALBIN; DAVID HAYES; S. GLYNN ROBERTS; GAYLON FREEMAN; MARK STEVENS; and JAMES P. ULM, II, | § | |
| | § | |
| Defendants. | § | |

## TRUSTEE'S MOTION TO STRIKE

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The Motion to Dismiss filed by NGP and NGP Directors under Rule 12(b)(6) attaches and refers to various items of "evidence," Dkt. #19, which are incorporated and referred to in Northstar Directors' Motion to Dismiss. *See* Dkt. #23 at 3 n.4. With one exception (Exh. D, the 2014 Letter Agreement), none of the exhibits attached to the Motions are referenced in the Complaint or central to its claims. For that reason, Plaintiff James Katchadurian, Trustee of the Northstar Litigation Trust, respectfully moves to strike Exhs. A-C and E-G of Defendants' Motions.

It is, of course, "inappropriate" at the Rule 12(b)(6) stage to consider documents that are outside of the four corners of a complaint and not "central" to its claims. *In re Xtreme Power Inc.*, 563 B.R. 614, 630 (Bankr. W.D. Tex. 2016); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). As a rule, courts "may not go outside the pleadings" in reviewing a motion under Rule 12(b)(6). *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

Specifically, the improper exhibits to the Motions are:

- Exh. A, Complaint, *SEC v. Platinum Mgmt. (NY) LLC*, No. 16-6848 (E.D.N.Y.);
- Exh. B, amended and restated LLC agreement for Northstar (Nov. 8, 2013);
- Exh. C, "Assignment of Interests" between NGP X US Holdings, L.P. and NOG Royalty Holdings, LP (July 7, 2014);
- Exh. E, financing statement;
- Exh. F, "UCC Financing Amendment"; and
- Exh. G, "Final Settlement Statement" between Northstar and LaFitte Energy.

The Motions to Dismiss rely on outside exhibits to dispute the Complaint's fact allegations. They cite to allegations in a SEC suit (Exh. A) to dispute whether Defendants had notice of any Platinum financial issues before closing the sale of Northstar. Dkt. #19 at 3; Dkt. #23 at 3. They refer to an LLC Agreement and Assignment (Exhs. B-C) to dispute whether Defendants other than NGP-NOG owed capital commitments to Northstar. Dkt. #19 at 13-14; Dkt. #23 at 8. They cite a

financing statement and amendment (Exhs. E-F) to dispute whether Defendants capital commitments were Northstar assets for purposes of a fraudulent transfer claim. Dkt. #19 at 16-20; Dkt. #23 at 13-16. And they cite to a sale settlement statement (Exh. G), to dispute whether NGP-NOG breached the Letter Agreement by failing to "pay off the Bank Debt and eliminate the Working Capital Deficit," Dkt. #19 at 41 & Exh. D ¶J, and to dispute whether the capital commitments were Northstar assets subject to fraudulent-transfer laws. Dkt. #23 at 16. These are at best fact issues for summary judgment, not a Rule 12(b)(6) motion.

More important, except for the 2014 Letter Agreement (Exh. D), which is the basis for the contract claim, all of the exhibits to the Motions to Dismiss are outside the four corners of the Complaint and not "central" to any claim. *See Xtreme Power*, 563 B.R. at 630 ("Although the Amended Complaint alleges facts that can be found in the APRS Minutes, it neither quotes nor explicitly refers to the document in question."). The SEC lawsuit (Exh. A.) is nowhere referenced in the Complaint. The Motions say that the LLC agreement (Exh. B) is "referenced in the Complaint" at paragraphs 53-54. *See* Dkt. #19 at 14 n.65. But those paragraphs do not refer to it, amended or otherwise, and the agreement is not referenced anywhere in the Complaint. The assignment (Exh. C) is likewise not referenced in the Complaint, nor are Exhibits E-G. They should be stricken and disregarded for purposes of deciding the Motions to Dismiss.

Nor is judicial notice appropriate as to facts alleged in a complaint like the SEC suit (Exh. A), since they are only allegations. *Xtreme Power*, 563 B.R. at 631 (a court may take judicial notice of the "fact that related litigation or filings exist in a different forum," but not of "the facts alleged in the other court's pleadings").

**Conclusion**

For these reasons, and those set forth in Plaintiff's Opposition to the Motions to Dismiss, filed this date, Plaintiff respectfully requests that the Court strike from the record and disregard for purposes of the Rule 12(b)(6) Motions to Dismiss Defendants' Exhibits A-C and E-G. Plaintiff requests all further relief as the Court deems just and proper.

Date: July 13, 2018

Respectfully submitted,

*/s/ R. Paul Yetter*

R. Paul Yetter
State Bar No. 22154200
pyetter@yettercoleman.com
Robert K. Ellis
State Bar No. 24076367
rellis@yettercoleman.com
Wyatt J. Dowling
State Bar No. 24074152
wdowling@yettercoleman.com
YETTER COLEMAN LLP
811 Main, Suite 4100
Houston, Texas 77002
(713) 632-8000
(713) 632-8002 (Fax)

John F. Higgins
State Bar No. 09597500
jhiggins@porterhedges.com
Eric M. English
State Bar No. 24062714
eenglish@porterhedges.com
PORTER HEDGES LLP
1000 Main St., 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6248 (Fax)

ATTORNEYS FOR PLAINTIFF
JAMES KATCHADURIAN, LITIGATION
TRUSTEE NORTHSTAR LITIGATION TRUST

## CERTIFICATE OF SERVICE

I certify that on July 13, 2018, a true and correct copy of the foregoing Motion to Strike was served on all parties via the Court's electronic filing system.

                                              */s/ Robert K. Ellis*
                                              Robert K. Ellis