# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | Case No. 16-34028 |
| § | | |
| NORTHSTAR OFFSHORE GROUP LLC, § | | |
| § | | |
| Debtor. § | | Chapter 11 |
| § | | |
| JAMES KATCHADURIAN, Litigation Trustee, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Adversary No. 18-03079 |
| § | | |
| NGP ENERGY CAPITAL MANAGEMENT, § | | |
| L.L.C., et al., § | | |
| § | | |
| Defendants. § | | |

**TRUSTEE'S REPLY IN SUPPORT OF SUPPLEMENT TO
OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS (Dkt. 39)**

Plaintiff James Katchadurian, Litigation Trustee for the Northstar Litigation Trust, respectfully submits this short Reply. Most of the issues raised in Defendants' Responses (Dkts. 61-62) concerning the issue of trustee standing under 11 U.S.C. §544(b) are addressed in Plaintiff's Supplement (Dkt. 59). However, to assist the Court, Plaintiff submits this Reply to address certain specific inaccuracies in the Responses.

1. First, the Responses misread Judge Bohm's opinion in *Houston Drywall*, incorrectly concluding that "within a reasonable time after" under TUFTA §24.005 means "at the absolute most, within one year after the transfer—not four years." Dkt. 61 at 4-5, discussing *In re Houston Drywall*, 2008 WL 2754526 (Bankr. S.D. Tex. 2008). But *Houston Drywall* is clear:

> Although the definition of "reasonable time" is not specifically defined, the four year statute of limitations suggests that a "reasonable time" is within four years.

*Id.* at *19 n.23. Indeed, this assessment with respect to TUFTA's statute of limitations is correct, as "[l]imitations statutes afford plaintiffs what the legislature deems a reasonable time to present their claims." *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990). The Responses fail to cite authority that says, in dicta or otherwise, that the claim must arise "at the absolute most, within one year after the transfer." Dkt. 61 at 5. Their alleged requirement is arbitrary, particularly where, as here, the fraudulent transfers were concealed from creditors when deciding to extend credit. *See* Dkt. 39 at 21-22.

   2. Second, the Responses do not address the Trustee's argument that for creditors in open-account relationships with a debtor (as is the case for many triggering creditors of Northstar that are alleged in the Supplement), 11 U.S.C. §544(b) does not require that such a creditor hold the same claim on the transfer and petition dates. Dkt. 59 at 2-3 (citing COLLIER ON BANKRUPTCY and multiple cases in accord). Instead, the Responses try to distinguish these cases by incorrectly stating that they involved variations of the Uniform Fraudulent Transfer Act ("UFTA") that "either adopt the relevant [UFTA] language in full (and, therefore, specifically bestow standing upon *all* future creditors) or specifically define the post-transfer time period." *Id.* at 8-9 (orig. emph.). This is not an accurate characterization of the cases, nor do any of the cases state, stand for, or turn on Defendants' mistaken distinction, as shown in the following chart:

 [chart on next page]

| As Characterized in the Responses | Actual |
|---|---|
| *Cohen* dealt with "fraudulent transfer claims brought under Pennsylvania law, 12 Pa. Const. Stat. § 5104" which covers claims arising "before or after the transfer was made." Dkt. 61 at 9 n.25, discussing *Cohen v. Sikirica*, 487 B.R. 515, 628 (Bankr. W.D. Pa. 2013). | In fact, in addition to §5104, *Cohen* approved standing for claims under §5105, which gives a cause of action for creditor claims that arose "before the transfer was made," not after. *In re Cohen*, 2012 WL 5360956, at *4 (Bankr. W.D. Pa. 2012); 12 Pa. Const. Stat. §5105. The District Court concluded that for both the §5104 and §5105 claims, "all that is required is that the same creditor hold a claim at the time of the alleged fraudulent transfer and at the time the Complaint was filed." *Cohen*, 487 B.R. at 628. |
| *SPC Plastics* dealt with "fraudulent transfer claims brought under Pennsylvania law, 12 Pa. Const. Stat. §5104," which covers claims arising "before or after the transfer was made." Dkt. 61 at 9 n.25, discussing *SPC Plastics Corp. v. Griffith*, 224 B.R. 27, 30-31 (6th Cir. B.A.P. 1998). | In fact, *SPC Plastics* involved Ohio law, not Pennsylvania law. Moreover, the case dealt with a fraudulent transfer claim under the former version of the Ohio Revised Code, which only permitted fraudulent transfer claims for creditors with claims "at the time of the transfer," not for future creditors arising "after the transfer," as the Responses claim. *In re Structurelite Plastics Corp.*, 193 B.R. 451, 458 (Bankr. S.D. Ohio 1995). |
| *Kelly* dealt with "fraudulent transfer claims brought under Georgia law, Ga. Code Ann. §18-2-74," which allows claims arising "before or after the transfer was made." Dkt. 61 at 9 n.25, discussing *Kelly v. Speciale*, 2013 WL 3989061 (Bankr. M.D. Ga. 2013). | In fact, in addition to §18-2-74, *Kelly* concerned claims under §18-2-75. *See* 2013 WL 3989061 at *9. That provision only applies to creditors whose claims "arose before the transfer was made," not after. Ga. Code §18-2-75. |
| *Aluminum Mills* dealt with "fraudulent transfer claims brought under Illinois law, Ch. 740 Ill. Comp. Stat. Act 160/5," which allows claims arising "before or after the transfer was made." Dkt. 61 at 9 n.25, discussing *Aluminum Mills Corp. v. Citicorp N.A., Inc.*, 132 B.R. 869, 890 (Bankr. N.D. Ill. 1991). | In fact, *Aluminum Mills* involved fraudulent transfer claims under the predecessor law, Illinois Revised Statutes Ch. 59, sec. 4, which said nothing about a creditor's claim arising "before or after" the transfer. 132 B.R. at 885 & n.14; Ill. Stat. Ch. 59 §4 (superseded). |

3. In short, in addressing paragraphs 2-3 of the Supplement, the Responses avoid the relevant issue—whether creditors in open-account relationships must have the same claim on the transfer and petition date, which courts uniformly hold is not required by 11 U.S.C. §544(b) to confer trustee standing. And, in any event, the Responses fail to accurately present those cases or the law they applied, to distinguish them, or to present any cases with a contrary holding.

**Conclusion**

For these reasons and those in Plaintiff's Opposition to the Motions to Dismiss (Dkt. 39), and Supplement (Dkt. 59), Plaintiff respectfully requests that the Court deny the Motions to Dismiss (Dkts. 19, 23).

Date: September 26, 2018

Respectfully submitted,

*/s/ Paul Yetter*

| | |
|---|---|
| William R. Greendyke | R. Paul Yetter |
| State Bar No. 08390450 | State Bar No. 22154200 |
| william.greendyke@nortonrosefulbright.com | pyetter@yettercoleman.com |
| Bob B. Bruner | Robert K. Ellis |
| State Bar No. 24062637 | State Bar No. 24076367 |
| bob.bruner@nortonrosefulbright.com | rellis@yettercoleman.com |
| NORTON ROSE FULBRIGHT US LLP | Wyatt J. Dowling |
| 1301 McKinney, Suite 5100 | State Bar No. 24074152 |
| Houston, Texas 77010 | wdowling@yettercoleman.com |
| (713) 651-5151 | YETTER COLEMAN LLP |
| (713) 651-5246 (Fax) | 811 Main, Suite 4100 |
| | Houston, Texas 77002 |
| | (713) 632-8000 |
| | (713) 632-8002 (Fax) |

ATTORNEYS FOR PLAINTIFF
JAMES KATCHADURIAN, LITIGATION TRUSTEE,
NORTHSTAR LITIGATION TRUST

**Certificate of Service**

I certify that on September 26, 2018, a true and correct copy of the foregoing Reply was served on all parties via the Court's electronic filing system.

*/s/ Wyatt J. Dowling*
Wyatt J. Dowling